UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DONALD GRAVES,

                Plaintiff,

-against-

MidHudson: DR. LEVY/LAVIAN, DR. KIN
SOE and Medical Staff; Central N.Y. Psyche
Center: DIR. HAL SMITH; South Beach Psyche
Center: DIR. REA SARKIS, M.D.; Kings Boro
Psyche Center: DIR. STEPHEN GOLDSTEIN;
DR. SELSKY; Auburn Maximum State Prison;
Staten Island Psyche Hospital: DR.
PUERTOLLANO, DR. CABEL, DR.
VERNOVSKY, DR. IBANEZ,

                Defendants.

----------------------------------------------------------X

**MEMORANDUM & ORDER**
04-CV-3957 (FB) (LB)

*Appearance:*
*For the Petitioner:*
Donald Graves, *Pro Se*
#84-A-2965
South Beach Psychiatric Hospital
777 Seaview Avenue
Mapleton Bldg. #6, 2nd Floor
Staten Island, NY 10305

*For the State Defendants:*
Office of the Attorney General
Elliot Spitzer
   By: William B. Jaffe
   Assistant Attorney General
120 Broadway
New York, NY 10271-0332

**BLOCK, District Judge:**

       *Pro se* plaintiff, Donald Graves ("Graves"), brought this action pursuant to 42 U.S.C. § 1983, contending that various doctors forcibly administered psychotropic drugs while he was in the custody of various psychiatric facilities. Defendants move to dismiss the

1

action for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6). The motion is denied.

I.

On February 1, 2004, the Court directed Graves to name as defendants those who were personally involved with and responsible for the administration of such medication and set forth the relevant facts upon which each claim against each defendant is based. Thereafter, Graves submitted an Amended Complaint, which named several doctors as defendants and stated in its entirety:

> I, Donald Graves, date of birth March 10th, 1960, duly say that the herein mentioned parties have subject[ed] me to the abusive use of psychotrophic [sic] drugs. Such was not only painful but it (Haldol) has also resulted in the irreversible damaging of some of my brain tissue. Relief of three hundred million is sought.

In a subsequent submission, Graves asserted that he "was sedated and placed in a straight jacket for hours at a time[,]" and that the "[d]octors [we]re drawing their opinion from a past criminal record" rather than from "medical proofs."

II.

A court may dismiss an action pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] will entitle him to relief." *Todd v. Exxon Corp.*, 275 F.3d 191, 197-98 (2d Cir. 2001). The Court accepts as true a plaintiff's factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Board of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 479 (2d Cir. 2002). Where, as here, a party is proceeding *pro se*, the Court must "read the [*pro*

action for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6). The motion is denied.

I.

On February 1, 2004, the Court directed Graves to name as defendants those who were personally involved with and responsible for the administration of such medication and set forth the relevant facts upon which each claim against each defendant is based. Thereafter, Graves submitted an Amended Complaint, which named several doctors as defendants and stated in its entirety:

> I, Donald Graves, date of birth March 10th, 1960, duly say that the herein mentioned parties have subject[ed] me to the abusive use of psychotrophic [sic] drugs. Such was not only painful but it (Haldol) has also resulted in the irreversible damaging of some of my brain tissue. Relief of three hundred million is sought.

In a subsequent submission, Graves asserted that he "was sedated and placed in a straight jacket for hours at a time[,]" and that the "[d]octors [we]re drawing their opinion from a past criminal record" rather than from "medical proofs."

II.

A court may dismiss an action pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] will entitle him to relief." *Todd v. Exxon Corp.*, 275 F.3d 191, 197-98 (2d Cir. 2001). The Court accepts as true a plaintiff's factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Board of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 479 (2d Cir. 2002). Where, as here, a party is proceeding *pro se*, the Court must "read the [*pro*

*se* papers] liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1998). Accordingly, in addition to the allegations included in the Amended Complaint, "the [C]ourt should consider allegations contained in the other court filings of a *pro se* plaintiff . . . ." *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992); *see also Torrico v. Int'l Business Machines Corp.*, 213 F. Supp. 2d 390, 399 n.4 (S.D.N.Y. 2002) ([A]s long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss . . . ."). The Court may dismiss the claim only if, assuming all facts alleged to be true, the plaintiff still fails to plead the basic elements of a claim.

The defendants argue that the Amended Complaint does not allege "personal involvement of the alleged defendants" and does not "set forth the relevant facts upon which each claim against each defendant is based" as it includes "no specific facts and no dates, whatsoever." Letter from William B. Jaffe (Apr. 8, 2005). As an initial matter, the Amended Complaint satisfies the simplified pleading standard announced by the Supreme Court in *Swierkiewicz v. Sorema, N.A.*, which requires only "fair notice of what the plaintiff's claim is and the grounds upon which it rests." 534 U.S. 506, 512 (2002).

Even when a complaint is sufficient to meet Rule 8(a)'s notice requirements, a Rule 12(b)(6) motion will "lie to permit each particular defendant to eliminate those causes of action as to which no set of facts has been identified that support a claim against him." *See Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004); *see also Straker v. Metropolitan Transit Authority*, 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004) ("Conceptually, the Court believes that

there is a distinction to be drawn between fair notice of what the plaintiff's claim is and the grounds upon which it rests; conclusory allegations cannot satisfy the latter." (internal quotation omitted)). Graves, however, has not merely made conclusory allegations, but rather has asserted facts in support of his claim. Contrary to the defendants' contention, he has alleged personal involvement of the defendants and asserted all the facts that need to be alleged to state a claim under Fed. R. Civ. Pro. 12(b)(6), namely that the defendants administered psychotropic drugs based on his criminal history rather than on an assessment that he was a danger to himself or others. *See Washington v. Harper*, 494 U.S. 210, 227 (1990) (holding that an inmate has a liberty interest under the Due Process Clause to refuse the involuntary administration of psychotropic drugs unless "the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest"). Furthermore, there is no requirement that Graves state the dates when the alleged conduct occurred. *See Bonano v. Southside United Housing Development Corp.*, 363 F. Supp. 2d 559, 565 (E.D.N.Y. 2005) ("plaintiff is not required to plead specific dates of discrimination"); *Aguilar v. New York Convention Ctr. Operating Corp.*, 2002 WL 844397, at *2 (S.D.N.Y. May 02, 2002) ("Plaintiffs' amended complaint gives defendants ample notice of the nature of their claims--even though the complaint does not always provide relevant dates--and any statute of limitations issues can and will be resolved at the summary judgment stage.").

## CONCLUSION

Accordingly, the defendants' motion to dismiss Graves section 1983 claim is denied.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Dated: June ⟋, 2005
Brooklyn, New York